Filed 9/9/22 P. v. Allen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077735 |
| v. | (Super.Ct.No. RIF1100315) |
| KRISTINA LYNN ALLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, A. Natasha Cortina, Acting Senior Assistant Attorney General, and Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

Kristina Lynn Allen appeals from the summary dismissal of her petition for resentencing under former Penal Code section 1170.95.[1]

Under former section 1170.95, as it stood at the time, petitioner was not entitled to resentencing, because she had pleaded guilty to voluntary manslaughter, rather than murder. Subsequent amendments, however, extended the benefits of former section 1170.95 to persons convicted of voluntary manslaughter. As the People concede, petitioner is entitled to the benefit of these ameliorative amendments.

Accordingly — even though the trial court did not err — we must reverse and remand for further proceedings on the petition.

I

STATEMENT OF FACTS

The following facts are taken from the factual basis for petitioner's guilty plea.

In 2008, petitioner participated in the carjacking and kidnapping of an 85-year-old man. She was also "involved" in his death, intentionally but without malice. An accomplice was armed with a firearm.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6. (Stats. 2022, ch. 58, § 10.)

All further statutory citations are to the Penal Code.

STATEMENT OF THE CASE

A.      *Petitioner's Guilty Plea to Voluntary Manslaughter.*

In 2012, petitioner was charged with murder (§ 187, subd. (a)), with robbery-murder and kidnapping-murder special circumstances (§ 190.2, subds. (a)(17)(A), (a)(17)(B)) and an armed principal enhancement allegation (§ 12022, subd. (a)(1)); and carjacking (§ 215).

In 2016, pursuant to a plea bargain, petitioner pleaded guilty to voluntary manslaughter (§ 192, subd. (a)), with an armed principal enhancement; carjacking; simple kidnapping (§ 207, subd. (a)); and elder abuse (§ 368, subd. (b)(1)), with an enhancement for a victim aged 70 or older (§ 368, subd. (3)(B)).  She was sentenced, pursuant to the plea bargain, to 25 years 4 months in prison.

B.      *The Enactment of Former Section 1170.95.*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019.  (Stats. 2018, ch. 1015.)

SB 1437 amended section 188 so as to abrogate the natural and probable consequences doctrine (see generally *People v. Prettyman* (1996) 14 Cal.4th 248, 260-262), as applied to murder.  (§ 188, subd. (a)(3), Stats. 2018, ch. 1015, § 2.)

SB 1437 also amended section 189 so as to provide that the felony murder rule (§ 189, subd. (a)) applies to a person only if:

"(1)  The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4) T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f), Stats. 2018, ch. 1015, § 3.)

Finally, SB 1437 also enacted former section 1170.95 (Stats. 2018, ch. 1015, § 4), which allowed a person:

(1) who was charged with murder on either a felony murder or a natural and probable consequences theory,

(2) who either:

(a) "was convicted of . . . murder following a trial"; or

(b) "accepted a plea offer in lieu of a trial . . . for . . . murder," and

(3) who could no longer be convicted of murder under SB 1437,

to petition to have the murder conviction vacated. (Former § 1170.95, subd. (a).) If the petition was granted, and the underlying felony or target offense was not charged, the conviction was reduced to the underlying felony or the target offense, and the petitioner

4

had to be resentenced.  (*Id*., subd. (e).)  The petitioner also had to be resentenced on any remaining counts.  (*Id*., subd. (d)(3).)

As originally enacted, former section 1170.95 did not expressly refer to manslaughter.  Hence, it was generally held that a person convicted of voluntary manslaughter, rather than murder, was not eligible for relief.  (E.g., *People v. Harris* (Feb. 3, 2021, E074136), review granted Apr. 21, 2021 (S267529), cause transferred and ordered not citable Dec. 29, 2021.)  It was also generally held that a person who pleaded guilty to voluntary manslaughter was not eligible for relief.  (E.g., *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917.)

C.     *Petitioner's Petition for Resentencing*.

In July 2021, petitioner filed a petition, in pro. per., for resentencing.  She alleged that she had pleaded guilty to murder because she believed she could have been convicted of murder based on the felony murder rule or the natural and probable consequences doctrine.  She also alleged that she could not now be convicted of murder due to SB 1437.  She requested the appointment of counsel.

In August 2021, at a status conference, the trial court dismissed the petition, without appointing counsel and without a hearing.  It ruled that petitioner was not eligible for relief because she had pleaded guilty to voluntary manslaughter, rather than murder.

In September 2021, petitioner appealed.

D.    *Amendments to Former Section 1170.95*.

In October 2021, former section 1170.95 was amended, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.)  As amended, it made a person who was convicted of or who pleaded guilty to manslaughter potentially eligible for relief.  (Former § 1170.95, subds. (a), (d), (e), Stats. 2021, ch. 551, § 2.)

## III

## DISCUSSION

Petitioner contends that she is entitled to the benefits of the 2021 amendments making former section 1170.95 applicable to a person convicted of voluntary manslaughter.  The People concede the point.  We agree.

Petitioner is entitled to the benefit of these ameliorative amendments, because the order denying her petition is not yet final.  (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

Under the law as it now stands, petitioner stated a prima facie case for relief. According to her petition, when viewed in light of the record of conviction (see *People v. Lewis* (2021) 11 Cal.5th 952, 970-972), she alleged that she pleaded guilty to voluntary manslaughter in lieu of a trial at which she could have been convicted of murder on a felony murder or a natural and probable consequences theory.  (§ 1172.6, subds. (a)(1), (a)(2).)  And she alleged that she could no longer be convicted of murder, because the felony murder rule no longer applies to her and because the natural and probable consequences doctrine has been abrogated.  (§ 1172.6, subd. (a)(3).)

6

It follows that the trial court must appoint counsel for petitioner. (§ 1172.6, subd. (b)(3).) Ordinarily, it would have to allow the People to file a response and hold a prima facie hearing (§ 1172.6, subd. (c)). The People, however, concede that it may skip the prima facie hearing and issue an order to show cause immediately on remand. (See *Ibid*.)

## IV

## DISPOSITION

The order appealed from is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

SLOUGH

J.